**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. _____

| | | |
|---|---|---|
| INTERKONTINENTAL INVESTMENTS MANUFACTURING, LLC, and | : | |
| | : | |
| | : | |
| IMAGE INTERNATIONAL MANUFACTURING, LLC, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | COMPLAINT FOR DAMAGES, |
| v. | : | INJUNCTIVE AND OTHER RELIEF |
| | : | FOR VIOLATIONS OF 15 U.S.C. |
| TARA ASHWOOD, SKINCARE | : | § 1114; 15 U.S.C. § 1125(a); 15 U.S.C. |
| SOLUTIONS STORE, LLC, RICKY | : | § 1125(c); 17 U.S.C. § 501; 18 U.S.C. |
| KUMRA, SKINSOLUTIONSTORE, | : | § 1962; AND RELATED CLAIMS; |
| HBA SALES VENTURES, INC., and | : | AND JURY DEMAND |
| JOHN DOES 1-100, individually or as | : | |
| corporate/business entities, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| _____/ | : | |

Plaintiffs Interkontinental Investments Manufacturing, LLC ("Interkontinental") and

Image International Manufacturing, LLC ("Image") (collectively, "Plaintiffs") sue Defendants

Tara Ashwood ("Ashwood"), SkinCare Solutions Store, LLC ("SkinCare Solutions"), Ricky

Kumra ("Kumra"), SkinSolutionStore ("Skin Solution"), HBA Sales Ventures, Inc. ("HBA

Sales"), and John Does 1-100 (collectively, "Defendants") for copyright infringement in

violation of the Copyright Act, 17 U.S.C. § 501, trademark infringement in violation of the

Lanham Act, 15 U.S.C. § 1114, false advertising and unfair competition in violation of the

Lanham Act, 15 U.S.C. § 1125(a), trademark dilution in violation of the Lanham Act, 15 U.S.C.

§ 1125(c), contributory trademark infringement, contributory trademark dilution, violations of

the Florida Unfair and Deceptive Trade Practices Act, Fla. Stat. § 501.204, tortious interference

with contract, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and conspiracy and allege as follows.  These claims arise from Defendants' misappropriation of Plaintiffs' copyrights and trademarks in conjunction with Defendants' unlawful and unauthorized sale of Plaintiffs' skincare products on the Internet.

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff Interkontinental Investments Manufacturing, LLC is a limited liability company, organized under the existing laws of the State of Florida, with its principal place of business located in Lantana, Florida.

2.       Plaintiff Image International Manufacturing, LLC is a limited liability company, organized under the existing laws of the State of Florida, with its principal place of business located in Lantana, Florida.

3.      Upon information and belief, Defendant Ashwood is a natural person residing at 10569 West Vista View Drive, Littleton, Colorado, 80127.

4.      Upon information and belief, Defendant SkinCare Solutions Store, LLC is a limited liability company, organized under the existing laws of the State of Colorado, with its principal place of business located in Littleton, Colorado.

5.      Upon information and belief, Defendant Kumra is a natural person residing at 501 Cranbury Circle, East Brunswick, NJ, 08816.

6.      Upon information and belief, Defendant Skin Solution is an online business that has been operating at www.skinsolutionstore.com since September 2008.  According to its website, Skin Solution's principal place of business is 2207 Concord Pike, Suite # 151, Wilmington, DE 19803.[1]

---

[1] http://www.skinsolutionstore.com/cmspage.asp?id=47&categoryId=307&catName=Contact Us.

2

7.     Upon information and belief, Defendant HBA Sales is a corporation formed under the laws of Canada with its principal place of business in Ontario, Canada.  Through its website, www.hbasales.com, HBA Sales holds itself out as a wholesaler of various skincare and other products.  However, it has never been authorized to sell Plaintiffs' products.

8.     The true names, involvement, and capacities, whether individual, corporate, associated or otherwise of Defendants John Does 1 through 100 are unknown to Plaintiffs.  Therefore, Plaintiffs sue these Defendants by a fictitious name.  Plaintiffs are informed and believe, and on that basis allege, that the John Doe Defendants sued herein are equally responsible for the events and occurrences referred to herein or otherwise interested in the outcome of the dispute.  When the true names, involvement, and capacities of these parties are ascertained, Plaintiffs will seek leave to amend this Complaint accordingly.

9.     The Court has subject-matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1338 for Plaintiffs' claims that arise under federal law and 28 U.S.C. § 1367 for Plaintiffs' claims that arise under state law because they form part of the same case or controversy as Plaintiffs' claims that arise under federal law.

10.     Venue is proper in this District and this Division under, without limitation, 28 U.S.C. § 1391(b)(2)–(3) because a substantial part of the events or omissions giving rise to the claims occurred in this District and this Division.

11.     Defendants are subject to the Court's personal jurisdiction with respect to this action pursuant to Florida's long-arm statute, Florida Statute § 48.193(1)(a)(2), as persons committing tortious acts within this state.

3

12.     Defendants are subject to the Court's personal jurisdiction with respect to this action pursuant to Florida's long-arm statute, Florida Statute § 48.193(1)(a), as members of a civil conspiracy and one or more of the Defendants committed tortious acts in Florida in furtherance of the conspiracy.

13.     Defendants are subject to the Court's personal jurisdiction with respect to this action pursuant to Florida's long-arm statute, Florida Statute § 48.193(1)(a)(1), because the Defendants operate, conduct, engage in, or carry on a business venture in the State of Florida for pecuniary benefit, or have an office or agency in this state.

14.     This Court has personal jurisdiction over Defendants sufficient to satisfy Constitutional due process because each Defendant has sufficient minimum contacts with the State of Florida with respect to the subject matter of this action, such that each could reasonably anticipate being haled into court in this forum.

## FACTUAL ALLEGATIONS

### *Interkontinental, Image, and the Intellectual Property at Issue*

15.     Image develops and sells high-end, professional-grade skincare products exclusively through a network of authorized resellers – which include dermatologists, plastic surgeons, aestheticians, and other licensed medical and skincare professionals – under the brand name "Image Skincare."

16.     Image devotes a significant amount of time, energy, and resources toward protecting the value of its brand, products, name, and reputation.  Each Image Skincare product is packaged so that the Image Skincare brand is easily and readily identifiable.  Furthermore, each product is handled with the utmost care and precision during the packaging and

transportation process.  In the highly competitive skin care market, quality is a fundamental driver of the consumer's decision to purchase a product.

17.     Interkontinental is a sister company of Image that owns and has registered various trademarks and copyrights to be licensed to and used by Image.

18.     To promote and protect the Image Skincare brand, Interkontinental has registered numerous trademarks with the United States Patent and Trademark Office (the "Image Trademarks"), and has licensed these trademarks to Image.  These trademarks include, but are not limited to, IMAGE SKINCARE®, registration no. 3,863,478; I CONCEAL®, registration no. 4,350,950; PREVENTION+®, registration no. 4,418,192; I AGELESS®, registration no. 4,224,508; IMAGE MD®, registration no. 3,863,582; ILUMA®, registration no. 4,748,797; CELL.U.LIFT®, registration no. 4,240,560; ORMEDIC®, registration no. 3,618,478; and O2 LIFT®, registration no. 4,428,368.

19.     The registration for each of the Image Trademarks is valid, subsisting and in full force and effect.  Further, pursuant to 15 U.S.C. § 1065, the Image Trademarks serve as conclusive evidence of Interkontinental's ownership of the marks and of its exclusive right to use and direct the use of the marks in commerce and in connection with the sale and distribution of the Image Skincare products identified in the registrations, as provided by 15 U.S.C. § 1115(b).

20.     A true and accurate copy of the registrations and applications for each of the Image Trademarks is attached hereto as Exhibit A and incorporated herein by reference.

21.     In addition, Interkontinental has registered numerous copyrights with the United States Copyright Office with respect to its brands and products, including, but not limited to, Copyright Numbers VA 1-727-939 and VA 1-986-410 (collectively, the "Image Copyrights"), and has licensed those copyrights to Image.

22.     A true and accurate copy of the registrations for each of the Image Copyrights is attached hereto as Exhibit B and incorporated herein by reference.

23.     Plaintiffs are the owner and primary licensee of the Image Copyrights.   The registration for each of the Image Copyrights is valid, subsisting and in full force and effect.

24.     Pursuant to 17 U.S.C. § 410(c), the Image Copyrights serve as *prima facie* evidence of Interkontinental's ownership of the copyrights and of its exclusive right to use and direct the use of the copyrights in commerce and in connection with the sale and distribution of the Image Skincare products identified in the registrations.

25.     Image, pursuant to the exclusive license granted to it by Interkontinental, actively uses and markets all of the Image Trademarks and Image Copyrights in commerce.

26.     Due to the superior quality and exclusive distribution of Image Skincare products, and because Image is uniquely recognized as the source of these high quality products, the Image Trademarks and Image Copyrights have considerable value.

### *Image has Implemented Strict Quality Control Procedures for Its Products*

27.     Image exercises strict quality control over the production and distribution of its products.  Image's ability to implement these quality controls is essential to the integrity and safety of its products, as well as to the value of its trademarks and other intellectual property.

28.     Among other quality control measures, Image Skincare products contain a universal product code ("UPC"), batch code, and/or a date affixed to the product packaging or container, which play an important role in combating counterfeits.  Because of the significant expense involved in placing unique identifiers on product units, counterfeiters will generally either omit such information from their packaging or repeatedly use sets of fake numbers on a

6

series of counterfeit units.  Image's product identification system, therefore, facilitates the identification of counterfeit units and protects its brand and consumers.

29.     Such identifying information also enhances Image's ability to protect against quality slippage in its genuine authorized products and is crucial to Image's ability to effectuate any necessary product recalls and ensure customer safety.  For these reasons, Image regularly monitors the market to ensure that this information is not being removed from its products.

### *Only Authorized Skincare Professionals Are Able to Resell Image Skincare Products*

30.     Image further exercises strict quality control over its products by limiting their sales to select authorized resellers, including dermatologists, plastic surgeons, licensed aestheticians, and other licensed medical and skincare professionals.  Authorized resellers are required to provide Image with proof of licensure prior to approval of their accounts.

31.     Image's authorized resellers are required to agree to and abide by the Image Purchase Terms and Conditions.  The Image Purchase Terms and Conditions impose numerous quality control requirements and restrict the manner in which Image Skincare products may be marketed, sold, and administered to consumers.

32.     Prior to being authorized to apply Image's products to patients, authorized resellers must first receive and review detailed proprietary product information, treatment protocols, and training modules governing the application of Image Skincare products.  The Image Purchase Terms and Conditions require authorized resellers to apply Image Skincare products to their patients and customers solely in accordance with these protocols, including, *inter alia*, refraining from applying Image Skincare products to patients until after a thorough consultation and evaluation of the patient's unique skincare needs has been conducted.

33.     The Image Purchase Terms and Conditions specifically state that resellers may "not sell [Image Skincare] products online on any website without [Image's] prior written approval" and further that "distribution of [Image Skincare] Products for resale is strictly prohibited."

34.     Image prohibits the resale of its products by unauthorized dealers on the Internet because, *inter alia*, of the potential risks to consumer safety, health and the Image brand in the event Image Skincare products are used without consulting with and receiving the support of a licensed, specially trained skincare professional.

### Defendants are Engaged in an Enterprise to Unlawfully Obtain and Sell Image Skincare Products

35.     Upon information and belief, Defendants have been engaged in an unlawful enterprise for years to obtain and sell Image Skincare products.

36.     Upon information and belief, Kumra, Skin Solution, and HBA Sales have entered into illicit agreements with Image authorized resellers with the expressed intent of obtaining large quantities of Image Skincare products that they could then resell in unauthorized channels.

37.     Upon information and belief, Ashwood and Skincare Solutions have entered into illicit agreements with Kumra, Skin Solution, and/or HBA Sales to acquire Image Skincare products from Kumra, Skin Solution, and/or HBA Sales with the expressed intent of obtaining large quantities of Image Skincare products that they could then resell in unauthorized channels.

38.     Defendants have used mail and interstate wire communications to create and manage their illicit scheme.

### Image Discovered Defendants' Unauthorized Sale of Its Products on the Internet

39.     Due to the customer and reputational risks associated with the illegal sale of Image's products by unauthorized Internet sellers, Image polices the sale of its products online.

40.     Through these efforts, Image discovered its products being illegally sold on www.skincaresolutionsstore.com (operated by Ashwood and Skincare Solutions) and www.skinsolutionstore.com (operated by Kumra and Skin Solution).   Defendants are not authorized resellers of Image Skincare products and these websites are being operated in violation of the Image Trademarks and the agreements that Image maintains with its authorized resellers.

41.     Upon information and belief, Ashwood is a serial unauthorized seller who repeatedly infringes upon companies' intellectual property in connection with unauthorized sales of their products online.   When Plaintiffs, through counsel, contacted Ashwood regarding her unauthorized sales of Image Skincare products, she informed Plaintiffs that she was obtaining her products from Kumra, Skin Solution, and/or HBA Sales.

### *Ashwood and Skincare Solutions Flagrantly Infringed Plaintiffs' Copyrights*

42.     In reviewing www.skincaresolutionsstore.com, Image discovered that Ashwood and Skincare Solutions have, without authorization, unlawfully used nearly one hundred copyrighted photographs to market and advertise Image Skincare products on www.skincaresolutionsstore.com.

43.     In January 2016, Interkontinental notified Yahoo.com that content hosted on its servers contained and/or linked to copyrighted content pirated from the Image Skincare website. This content was found at www.skincaresolutionsstore.com/imageskincare.html, a webpage operated by Ashwood and Skincare Solutions.  Interkontinental requested that Yahoo remove the infringing content—which included nearly one hundred copyrighted photographs—from its servers.  A true and accurate copy of Interkontinental's Notice of Infringement is attached hereto as Exhibit C and incorporated by reference herein.

44.     In February 2016, Yahoo informed Interkontinental that Ashwood had submitted a counter-notification under Section 512(g)(3) of the Digital Millennium Copyright Act, 17 U.S.C. § 512, in which Ashwood represented that she and Skincare Solutions had been designated by mistake or misidentification.  A true and accurate copy of Ashwood's counter-notification is attached hereto as Exhibit D and incorporated by reference herein.

45.     In her counter-notification, submitted under penalty of perjury, Ashwood admitted that she and Skincare Solutions used Interkontinental's copyrighted photographs, which she referred to as "stock photos," on www.skincaresolutionsstore.com.

46.     After Ashwood and Skincare Solutions did not remove the infringing content from www.skincaresolutionsstore.com, in July 2016, Interkontinental, through counsel, contacted Ashwood regarding her and Skincare Solutions' willfully infringing use of nearly one hundred Image copyrighted photographs on www.skincaresolutionsstore.com, as well as their unauthorized use of the Image trademarks.  Although Ashwood removed the copyrighted photographs from the website following this communication, she and Skincare Solutions have continued to sell Image Skincare products illegally in violation of the Image Trademarks.

### *Defendants Are Willfully Infringing Plaintiffs' Trademarks*

47.     Defendants, without Plaintiffs' authorization, have sold, and continue to sell, products bearing the Image Trademarks on the websites www.skincaresolutionsstore.com and www.skinsolutionstore.com.

48.      These unauthorized products are materially different than genuine Image Skincare products, as they are sold without Image's quality controls, Image's skin care program instructions, and without licensed skincare professional evaluation, monitoring, or support.

49.     As a result, Defendants have misled, and continue to mislead, consumers into believing they are purchasing genuine Image Skincare products when, in fact, they are not.

50.     Consumers who purchase Image Skincare products from Defendants are misled, confused, and deceived into believing they are buying genuine Image Skincare products, but they are not receiving the benefit of Image's established quality controls, the proper instructions related to the use of the product, or the licensed skincare professional evaluation and consultations that accompany genuine Image Skincare products.

***Defendants Are Tortiously Interfering with Image's Agreements with its Authorized Resellers***

51.     Upon information and belief, Defendants have purchased Image Skincare products from authorized Image resellers for purposes of reselling them on the Internet.

52.     Upon information and belief, Defendants knew that Image's agreements with its authorized resellers prohibit the sale of Image Skincare products to third parties for purposes of resale.

53.     Upon information and belief, Defendants willfully and knowingly induced unknown authorized Image resellers to breach their agreements with Image so that they could acquire Image Skincare products and resell them.

***Plaintiffs Have Suffered Significant Harm As A Result Of Defendants' Conduct***

54.     Plaintiffs have suffered and will continue to suffer significant monetary harm as a result of Defendants' actions including, but not limited to, loss of sales, damage to their intellectual property, and damage to their existing and potential business relations.

55.     Plaintiffs have suffered, and will continue to suffer, irreparable harm as a result of Defendants' actions, including, but not limited to, irreparable harm to their reputation, goodwill, business and customer relationships, intellectual property rights and brand integrity.

56.     Plaintiffs are entitled to injunctive relief because, unless enjoined by this Court, Defendants will continue to unlawfully sell Image Skincare products, causing continued irreparable harm to Image's reputation, goodwill, relationships, intellectual property and brand integrity.

57.     Defendants' conduct was and is knowing, intentional, willful, malicious, wanton and contrary to law.

58.     Defendants' willful violations of the Image Copyrights, willful violations of the Image Trademarks, and continued pattern of misconduct demonstrate intent to harm Plaintiffs.

## COUNT I
### Copyright Infringement – 17 U.S.C. § 501
### (Ashwood and Skincare Solutions)

59.     Plaintiffs hereby incorporate the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

60.     Plaintiffs are the owner and primary licensee of the Image Copyrights.

61.     Plaintiffs have registered the Image Copyrights with the United States Copyright Office.

62.     The Image Copyrights are valid and subsisting copyrights in full force and effect.

63.     Ashwood and Skincare Solutions willfully, knowingly, and deliberately infringed the Image Copyrights through the display of Image's copyrighted photographs on www.skincaresolutionsstore.com, without Plaintiffs' consent and in violation of their exclusive rights under 17 U.S.C. § 106.

64.     As a proximate result of Ashwood and Skincare Solution' actions, Plaintiffs have suffered and will continue to suffer great damage to their business, goodwill, reputation, and profits in an amount to be proven at trial.

65.     Pursuant to 17 U.S.C. § 502(a), Plaintiffs are entitled to injunctive relief enjoining this infringement.

66.     Pursuant to 17 U.S.C. § 504, Plaintiffs are entitled to either (a) their actual damages and any additional profits of Ashwood and Skincare Solutions; or (b) statutory damages.

67.     Pursuant to 17 U.S.C. § 504(c)(2), Plaintiffs are entitled to an increased award of statutory damages.

68.     Pursuant to 17 U.S.C. § 505, Plaintiffs are entitled to an award of attorneys' fees.

69.     Wherefore, Plaintiffs respectfully pray for relief and judgment against Defendants Ashwood and Skincare Solutions as follows:

a.  That the Court find for Plaintiffs against Defendants Ashwood and Skincare Solutions on the claim for federal copyright infringement in violation of 17 U.S.C. § 501 in an amount to be determined at trial but exceeding $10,000,000.00, including, but not limited to, compensatory damages, statutory damages, treble damages, and pre-judgment and post-judgment interest, as permitted by law;

b.  That the Court enter an award of attorneys' fees, costs, and expenses;

c.  That the Court find Defendants Ashwood and Skincare Solutions jointly and severally liable for the monetary damages awarded on Count I;

d.  That Defendants Ashwood and Skincare Solutions and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants Ashwood and Skincare Solutions, and all of those in active concert and

participation with Defendants Ashwood and Skincare Solutions be permanently enjoined and restrained from using any of the Image Copyrights, including, but not limited to the Image Skincare Website and the Image Skincare photographs;

e. That Defendants Ashwood and Skincare Solutions and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants Ashwood and Skincare Solutions, and all of those in active concert and participation with Defendants Ashwood and Skincare Solutions be ordered to take all action to remove from the Internet any of the Image Copyrights which associate Image Skincare products or the Image Copyrights with www.skincaresolutionsstore.com, and all other websites or storefronts under their control from Internet search engines (such as Google, Yahoo!, and Bing);

f. That Defendants Ashwood and Skincare Solutions and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants Ashwood and Skincare Solutions, and all of those in active concert and participation with Defendants Ashwood and Skincare Solutions be ordered to take all action within their power or authority to remove the Image Copyrights from the Internet; and

g. For an order granting any other and further relief as the Court deems just.

14

## COUNT II
### Trademark Infringement – 15 U.S.C. § 1114
### (All Defendants)

70.     Plaintiffs hereby incorporate the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

71.     Plaintiffs are the owner and primary licensee of the Image Trademarks.

72.     Plaintiffs have registered the Image Trademarks with the United States Patent and Trademark Office.

73.      The Image Trademarks are valid and subsisting trademarks in full force and effect.

74.     Defendants willfully and knowingly used, and continue to use, the Image Trademarks in commerce for purposes of selling Image Skincare products on the Internet without Plaintiffs' consent.

75.     Defendants' use of the Image Trademarks in connection with the unauthorized sale of Image Skincare products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are the same as products legitimately bearing the Image Trademarks, and that the products originate from, or are sponsored, authorized, or otherwise connected with, Plaintiffs.

76.     Defendants' use of the Image Trademarks in connection with the sale of Image Skincare products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are genuine and authentic Image Skincare products.

77.     The products sold by Defendants are not, in fact, genuine and authentic Image Skincare products.  The products sold by Defendants are materially different because, among other reasons, they are not subject to the same quality control standards as genuine Image

15

Skincare products, are not sold along with the same proprietary product information, treatment protocols and training modules as genuine Image Skincare products, and are not administered by licensed and trained skincare professionals using Image's proprietary treatment protocols.

78.     Defendants' unauthorized use of the Image Trademarks has materially damaged the value of the Image Trademarks, caused significant damage to Plaintiffs' business relations, and infringed on Plaintiff's trademarks.

79.     As a result, Plaintiffs have suffered damages, including to their business, goodwill, reputation, and profits in an amount to be proven at trial.

80.     Pursuant to 15 U.S.C. § 1116, Plaintiffs are entitled to injunctive relief enjoining Defendants' infringing conduct.

81.     Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award of attorneys' fees.

82.     Wherefore, Plaintiffs respectfully pray for relief and judgment against Defendants as follows:

      a.  That the Court find for Plaintiffs against Defendants on the claim for federal trademark infringement in violation of 15 U.S.C. § 1114 in an amount to be determined at trial, including, but not limited to, compensatory damages, statutory damages, treble damages, and pre-judgment and post-judgment interest, as permitted by law;

      b.  That the Court enter an award of attorneys' fees, costs, and expenses;

      c.  That the Court find Defendants jointly and severally liable for the monetary damages awarded on Count II;

d. That Defendants and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all of those in active concert and participation with (the "Enjoined Parties") be permanently enjoined and restrained from:

    i. advertising or selling, via the Internet or otherwise, any and all Image Skincare products as well as any products bearing any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®,

    ii. using any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®, in any manner, including advertising on the Internet,

    iii. importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Image Skincare products as well as any products bearing any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®, and

    iv.  disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Image Trademarks including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

e.  That the Enjoined Parties be ordered to take all action to remove from the Enjoined Parties' websites any reference to any Image Skincare products or any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®;

f.  That the Enjoined Parties be ordered to take all action to remove from the Internet any of the Image Trademarks which associate Image Skincare products or the Image Trademarks with the Enjoined Parties or the Enjoined Parties' websites, including but not limited to requesting removal of www.skincaresolutionsstore.com, www.skinsolutionstore.com, and all other websites or storefronts under the Enjoined Parties' control from Internet search engines (such as Google, Yahoo!, and Bing);

g.  That the Enjoined Parties be ordered to take all action within their power or authority to remove the Image Trademarks from the Internet; and

h.  For an order granting any other and further relief as the Court deems just.

## COUNT III
### False Advertising – 15 U.S.C. § 1125(a)
### (All Defendants)

83.     Plaintiffs hereby incorporate the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

84.     Plaintiffs are the owner and primary licensee of the Image Trademarks.

85.     Plaintiffs have registered the Image Trademarks with the United States Patent and Trademark Office.

86.     The Image Trademarks are valid and subsisting trademarks in full force and effect.

87.     Defendants willfully and knowingly used, and continue to use, the Image Trademarks in interstate commerce for purposes of advertising, promoting, and selling Image Skincare products without Plaintiffs' consent.

88.     Defendants' advertisements and promotions of their products unlawfully using the Image Trademarks have been disseminated to the relevant purchasing public.

89.     Defendants' use of the Image Trademarks in connection with the unauthorized advertising, promotion, and sale of Defendants' products misrepresents the nature, characteristics, qualities, and origin of Defendants' products.

90.     Defendants' use of the Image Trademarks in connection with the unauthorized advertising, promotion, and sale of Defendants' products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are genuine and authentic Image Skincare products, and originate from, or are sponsored, authorized, or otherwise connected with Image.

91.     Defendants' unauthorized advertising, promoting, and sale of products bearing the Image Trademarks infringes on the Image Trademarks.

92.     Defendants' unauthorized use of the Image Trademarks in advertising, and otherwise, infringes on the Image Trademarks.

93.     As a result, Plaintiffs have suffered damages, including to their business, goodwill, reputation, and profits in an amount to be proven at trial.

94.     Pursuant to 15 U.S.C. § 1116, Plaintiffs are entitled to injunctive relief enjoining Defendants' conduct.

95.     Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award of attorneys' fees.

96.     Wherefore, Plaintiffs respectfully pray for relief and judgment against Defendants as follows:

> a.   That the Court find for Plaintiffs against Defendants on the claim for federal false advertising in violation of 15 U.S.C. § 1125(a) in an amount to be determined at trial, including, but not limited to, compensatory damages, statutory damages, treble damages, and pre-judgment and post-judgment interest, as permitted by law;
>
> b.   That the Court enter an award of attorneys' fees, costs, and expenses;
>
> c.   That the Court find Defendants jointly and severally liable for the monetary damages awarded on Count III;
>
> d.   That Defendants and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all of those in active

concert and participation with (the "Enjoined Parties") be permanently enjoined and restrained from:

i.  advertising or selling, via the Internet or otherwise, any and all Image Skincare products as well as any products bearing any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®,

ii.  using any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®, in any manner, including advertising on the Internet,

iii.  importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Image Skincare products as well as any products bearing any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®, and

iv.  disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Image Trademarks including invoices, correspondence with vendors and distributors, bank records, account books, financial

statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

e.  That the Enjoined Parties be ordered to take all action to remove from the Enjoined Parties' websites any reference to any Image Skincare products or any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®;

f.  That the Enjoined Parties be ordered to take all action to remove from the Internet any of the Image Trademarks which associate Image Skincare products or the Image Trademarks with the Enjoined Parties or the Enjoined Parties' websites, including but not limited to requesting removal of www.skincaresolutionsstore.com, www.skinsolutionstore.com, and all other websites or storefronts under the Enjoined Parties' control from Internet search engines (such as Google, Yahoo!, and Bing);

g.  That the Enjoined Parties be ordered to take all action within their power or authority to remove the Image Trademarks from the Internet; and

h.  For an order granting any other and further relief as the Court deems just.

## COUNT IV
### Unfair Competition – 15 U.S.C. § 1125(a)
### (All Defendants)

97.  Plaintiffs hereby incorporate the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

98.  Plaintiffs are the owner and primary licensee of the Image Trademarks.

22

99.     Plaintiffs have registered the Image Trademarks with the United States Patent and Trademark Office.

100.    The Image Trademarks are valid and subsisting trademarks in full force and effect.

101.    Defendants have willfully and knowingly used, and continue to use, the Image Trademarks in interstate commerce for purposes of selling Image Skincare products without Plaintiffs' consent.

102.    Defendants' use of the Image Trademarks in connection with the unauthorized sale and advertising of products is likely to cause confusion, cause mistake, or deceive an appreciable number of ordinarily prudent purchasers as to the affiliation, connection, association, sponsorship or approval of Image Skincare products because it suggests that the products Defendants offer for sale originate from, or are sponsored, authorized, or otherwise connected with Plaintiffs.

103.    Defendants' unauthorized sales of products bearing the Image Trademarks, and unauthorized use of the Image Trademarks in advertising materially damages the value of the Image Trademarks and causes significant damage to Plaintiffs' business relations.

104.    Defendants' unauthorized sales of products bearing the Image Trademarks and unauthorized use of the Image Trademarks in advertising infringes on the Image Trademarks.

105.    As a result, Plaintiffs have suffered damages, including to their business, goodwill, reputation, and profits in an amount to be proven at trial.

106.    Pursuant to 15 U.S.C. § 1116, Plaintiffs are entitled to injunctive relief enjoining Defendants' conduct.

107.    Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award of attorneys'
fees.

108.    Wherefore, Plaintiffs respectfully pray for relief and judgment against Defendants
as follows:

    a.   That the Court find for Plaintiffs against Defendants on the claim for federal
        unfair competition in violation of 15 U.S.C. § 1125(a) in an amount to be
        determined at trial, including, but not limited to, compensatory damages,
        statutory damages, treble damages, and pre-judgment and post-judgment
        interest, as permitted by law;

    b.   That the Court enter an award of attorneys' fees, costs, and expenses;

    c.   That the Court find Defendants jointly and severally liable for the monetary
        damages awarded on Count IV;

    d.   That Defendants and any employees, agents, servants, officers,
        representatives, directors, attorneys, successors, affiliates, assigns, any and all
        other entities owned or controlled by Defendants, and all of those in active
        concert and participation with Defendants (the "Enjoined Parties") be
        permanently enjoined and restrained from:

        i.   advertising or selling, via the Internet or otherwise, any and all Image
            Skincare products as well as any products bearing any of the Image
            Trademarks including, but not limited to, IMAGE SKINCARE®, I
            CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®,
            ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®,

24

     ii.  using any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®, in any manner, including advertising on the Internet,

    iii.  importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Image Skincare products as well as any products bearing any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®, and

    iv.  disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Image Trademarks including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

e.  That the Enjoined Parties be ordered to take all action to remove from the Enjoined Parties' websites any reference to any Image Skincare products or any of the Image Trademarks including, but not limited to, IMAGE

SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®;

f.   That the Enjoined Parties be ordered to take all action to remove from the Internet any of the Image Trademarks which associate Image Skincare products or the Image Trademarks with the Enjoined Parties or the Enjoined Parties' websites, including but not limited to requesting removal of www.skincaresolutionsstore.com, www.skinsolutionstore.com, and all other websites or storefronts under the Enjoined Parties' control from Internet search engines (such as Google, Yahoo!, and Bing);

g.   That the Enjoined Parties be ordered to take all action within their power or authority to remove the Image Trademarks from the Internet; and

h.   For an order granting any other and further relief as the Court deems just.

**COUNT V**
**Trademark Dilution – 15 U.S.C. § 1125(c)**
**(All Defendants)**

109.   Plaintiffs hereby incorporate the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

110.   Plaintiffs have registered the Image Trademarks with the United States Patent and Trademark Office.

111.   The Image Trademarks are valid and subsisting trademarks in full force and effect.

112.   Plaintiffs are the owner and primary licensee of the Image Trademarks, which are distinctive and widely recognized marks by the consuming public.

113.     Plaintiffs are widely recognized as the designated source of goods bearing the Image Trademarks.

114.     Defendants' willful use of the Image Trademarks in connection with the unauthorized and illegal sale of its products dilutes the Image Trademarks because the products Defendants sell are not, in fact, genuine and authentic Image Skincare products.

115.     As a result of Defendants' unlawful actions, the reputation of the Image Trademarks has been and continues to be harmed, and Plaintiffs have suffered, and continue to suffer, immediate and irreparable injury.

116.     Further, Plaintiffs have suffered damages, including to their business, goodwill, reputation, and profits in an amount to be proven at trial.

117.     Pursuant to 15 U.S.C. § 1116, Plaintiffs are entitled to injunctive relief enjoining Defendants' misconduct.

118.     Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award of attorneys' fees.

119.     Wherefore, Plaintiffs respectfully pray for relief and judgment against Defendants as follows:

      a.   That the Court find for Plaintiffs against Defendants on the claim for federal trademark dilution in violation of 15 U.S.C. § 1125(c) in an amount to be determined at trial, including, but not limited to, compensatory damages, statutory damages, treble damages, and pre-judgment and post-judgment interest, as permitted by law;

      b.   That the Court enter an award of attorneys' fees, costs, and expenses;

c.  That the Court find Defendants jointly and severally liable for the monetary damages awarded on Count V;

d.  That Defendants and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all of those in active concert and participation with Defendants (the "Enjoined Parties") be permanently enjoined and restrained from:

   i.  advertising or selling, via the Internet or otherwise, any and all Image Skincare products as well as any products bearing any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®,

   ii.  using any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®, in any manner, including advertising on the Internet,

   iii.  importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Image Skincare products as well as any products bearing any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®,

28

PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®, and

    iv.  disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Image Trademarks including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

e.  That the Enjoined Parties be ordered to take all action to remove from the Enjoined Parties' websites any reference to any Image Skincare products or any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®;

f.  That the Enjoined Parties be ordered to take all action to remove from the Internet any of the Image Trademarks which associate Image Skincare products or the Image Trademarks with the Enjoined Parties or the Enjoined Parties' websites, including but not limited to requesting removal of www.skincaresolutionsstore.com, www.skinsolutionstore.com, and all other websites or storefronts under the Enjoined Parties' control from Internet search engines (such as Google, Yahoo!, and Bing);

g.  That the Enjoined Parties be ordered to take all action within their power or authority to remove the Image Trademarks from the Internet; and

h.   For an order granting any other and further relief as the Court deems just.

## COUNT VI
### Contributory Trademark Infringement
### (Kumra, Skin Solution, HBA Sales, and John Does)

120.    Plaintiffs hereby incorporate the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

121.    Plaintiffs are the owner and primary licensee of the Image Trademarks.

122.    Plaintiffs have registered the Image Trademarks with the United States Patent and Trademark Office.

123.    The Image Trademarks are valid and subsisting trademarks in full force and effect.

124.    Defendants willfully and knowingly used, and continue to use, the Image Trademarks in commerce for purposes of selling Image Skincare products without Plaintiffs' consent.

125.    Defendants' use of the Image Trademarks in connection with the sale of Image Skincare products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are genuine and authentic Image Skincare products.

126.    The products sold by Defendants are not, in fact, genuine and authentic Image Skincare products.  The products sold by Defendants are materially different because, among other reasons, they are not subject to the same quality control standards as genuine Image Skincare products, are not sold along with the proprietary product information, treatment protocols, and training modules as genuine Image Skincare products, and are not administered by licensed and trained skincare professionals using Image's proprietary treatment protocols.

127.     John Does supply or otherwise provide Kumra, HBA Sales, and Skin Solution with Image Skincare products in violation of Image's agreements with its authorized resellers and without the benefit of Image's strict quality controls.

128.     HBA Sales, Kumra, Skin Solution, and/or John Does supply or otherwise provide Ashwood and Skincare Solutions with Image Skincare products in violation of Image's agreements with its authorized resellers and without the benefit of Image's strict quality controls.

129.     John Does induce Kumra, HBA Sales, and Skin Solution to sell Image Skincare products that do not have the same quality control protections or proper instructions related to use as authentic Image Skincare products that Image offers its customers through its authorized channels.  John Does continue to supply Image Skincare products to Kumra, HBA Sales, and Skin Solution even though they know Kumra, HBA Sales, and Skin Solution are selling Image Skincare products that do not have the same quality control protections or proper instructions related to use as authentic Image Skincare products that Image offers its customers through its authorized channels.

130.     HBA Sales, Kumra, Skin Solution, and John Does induce Ashwood and Skincare Solutions to sell Image Skincare products that do not have the same quality control protections or proper instructions related to use as authentic Image Skincare products that Image offers its customers through its authorized channels.  HBA Sales, Kumra, Skin Solution, and John Does continue to supply Image Skincare products to Ashwood and Skincare Solutions even though they know Ashwood and Skincare Solutions are selling Image Skincare products without the same quality control protections or proper instructions related to use as authentic Image Skincare products that Image offers its customers through its authorized channels.

131.    Defendants' unauthorized sale of products bearing the Image Trademarks and HBA Sales, Kumra, Skin Solution, and John Does' inducement and continued supply of products bearing the Image Trademarks infringe on the Image Trademarks.

132.    Defendants' unauthorized use of the Image Trademarks further infringes on the Image Trademarks.

133.    As a result, Plaintiffs have suffered damages, including to their business, goodwill, reputation, and profits in an amount to be proven at trial.

134.    Pursuant to 15 U.S.C. § 1116, Plaintiffs are entitled to injunctive relief enjoining Defendants' infringing conduct.

135.    Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award of attorneys' fees.

136.    Wherefore, Plaintiffs respectfully pray for relief and judgment against Defendants as follows:

a.    That the Court find for Plaintiffs against Defendants Kumra, Skin Solution, HBA Sales, and John Does on the claim for contributory trademark infringement in an amount to be determined at trial, including, but not limited to, compensatory damages, statutory damages, treble damages, and pre-judgment and post-judgment interest, as permitted by law;

b.    That the Court enter an award of attorneys' fees, costs, and expenses;

c.    That the Court find Defendants Kumra, Skin Solution, HBA Sales, and John Does jointly and severally liable for the monetary damages awarded on Count VI;

   d.  That Defendants Kumra, Skin Solution, HBA Sales, and John Does and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all of those in active concert and participation with Defendants Kumra, Skin Solution, HBA Sales, and John Does be permanently enjoined and restrained from:

       i.  advertising or selling, via the Internet or otherwise, any and all Image Skincare products as well as any products bearing any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®,

      ii.  using any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®, in any manner, including advertising on the Internet,

     iii.  importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Image Skincare products as well as any products bearing any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®, and

     iv.   disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Image Trademarks including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

e.   That Defendants Kumra, Skin Solution, HBA Sales, and John Does and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all of those in active concert and participation with Defendants Kumra, Skin Solution, HBA Sales, and John Does be ordered to take all action to remove from any websites under their control any reference to any Image Skincare products or any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®;

f.   That Defendants Kumra, Skin Solution, HBA Sales, and John Does and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants Kumra, Skin Solution, HBA Sales, and John Does, and all of those in active concert and participation with Defendants Kumra, Skin Solution, HBA Sales, and John Does be ordered to take all action to remove

from the Internet any of the Image Trademarks which associate Image Skincare products or the Image Trademarks with them or their websites, including, but not limited to, requesting removal of all websites or storefronts under their control from Internet search engines (such as Google, Yahoo!, and Bing);

g.   That Defendants Kumra, Skin Solution, HBA Sales, and John Does and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all of those in active concert and participation with Defendants Kumra, Skin Solution, HBA Sales, and John Does be ordered to take all action within their power or authority to remove the Image Trademarks from the Internet; and

h.   For an order granting any other and further relief as the Court deems just.

**COUNT VII**
**Contributory Trademark Dilution**
**(HBA Sales, Kumra, Skin Solution, and John Does)**

137.   Plaintiffs hereby incorporate the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

138.   Plaintiffs have registered the Image Trademarks with the United States Patent and Trademark Office.

139.   The Image Trademarks are valid and subsisting trademarks in full force and effect.

140.   Plaintiffs are the owner and primary licensee of the Image Trademarks, which are distinctive and widely recognized by the consuming public.

35

141.    Plaintiffs are widely recognized as the designated source of goods bearing the Image Trademarks.

142.    John Does' willful use of the Image Trademarks in connection with the unauthorized and illegal sale of Image Skincare products to Kumra, HBA Sales, Skin Solution, Ashwood, and Skincare Solutions dilutes the Image Trademarks because the products they sell are not, in fact, genuine and authentic Image Skincare products.

143.    HBA Sales, Kumra, and Skin Solution's willful use of the Image Trademarks in connection with the unauthorized and illegal sale of Image Skincare products to Ashwood and Skincare Solutions dilutes the Image Trademarks because the products they sell are not, in fact, genuine and authentic Image Skincare products.

144.    As a result of Defendants' unlawful actions, the reputation of the Image Trademarks has been and continues to be harmed, and Plaintiffs have suffered and continue to suffer immediate and irreparable injury.

145.    Further, Plaintiffs have suffered damages, including to their business, goodwill, reputation, and profits in an amount to be proven at trial.

146.    Pursuant to 15 U.S.C. § 1116, Plaintiffs are entitled to injunctive relief enjoining Defendants' conduct.

147.    Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award of attorneys' fees.

148.    Wherefore, Plaintiffs respectfully pray for relief and judgment against Defendants as follows:

      a.   That the Court find for Plaintiffs against Defendants Kumra, Skin Solution, HBA Sales, and John Does on the claim for contributory trademark dilution in

an amount to be determined at trial, including, but not limited to, compensatory damages, statutory damages, treble damages, and pre-judgment and post-judgment interest, as permitted by law;

b.  That the Court enter an award of attorneys' fees, costs, and expenses;

c.  That the Court find Defendants Kumra, Skin Solution, HBA Sales, and John Does jointly and severally liable for the monetary damages awarded on Count VII;

d.  That Defendants Kumra, Skin Solution, HBA Sales, and John Does and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants Kumra, Skin Solution, HBA Sales, and John Does, and all of those in active concert and participation with Defendants Kumra, Skin Solution, HBA Sales, and John Does be permanently enjoined and restrained from:

    i.  advertising or selling, via the Internet or otherwise, any and all Image Skincare products as well as any products bearing any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®,

    ii. using any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®,

37

ORMEDIC®, and O2 LIFT®, in any manner, including advertising on the Internet,

iii. importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Image Skincare products as well as any products bearing any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®, and

iv. disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Image Trademarks including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

e. That Defendants Kumra, Skin Solution, HBA Sales, and John Does and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants Kumra, Skin Solution, HBA Sales, and John Does, and all of those in active concert and participation with Defendants Kumra, Skin Solution, HBA Sales, and John Does be ordered to take all action to remove from any websites under their control any reference to any Image Skincare

products or any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®;

f.   That Defendants Kumra, Skin Solution, HBA Sales, and John Does and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants Kumra, Skin Solution, HBA Sales, and John Does, and all of those in active concert and participation with Defendants Kumra, Skin Solution, HBA Sales, and John Does be ordered to take all action to remove from the Internet any of the Image Trademarks which associate Image Skincare products or the Image Trademarks with them or their websites, including, but not limited to, requesting removal of all other websites or storefronts under their control from Internet search engines (such as Google, Yahoo!, and Bing);

g.   That Defendants Kumra, Skin Solution, HBA Sales, and John Does and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants Kumra, Skin Solution, HBA Sales, and John Does, and all of those in active concert and participation with Defendants Kumra, Skin Solution, HBA Sales, and John Does be ordered to take all action within their power or authority to remove the Image Trademarks from the Internet; and

h.   For an order granting any other and further relief as the Court deems just.

## COUNT VIII
## Common Law Trademark Infringement
## (All Defendants)

149.    Plaintiffs hereby incorporate the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

150.    This claim arises under the laws of the State of Florida.

151.    The Image Trademarks are valid and subsisting trademarks in full force and effect.

152.    Plaintiffs are the owner and primary licensee of the Image Trademarks, which are distinctive and widely recognized by the consuming public.

153.    Plaintiffs are widely recognized as the designated source of goods bearing the Image Trademarks.

154.     Defendants' knowing and willful use of the Image Trademarks without Plaintiffs' consent in connection with the unauthorized and illegal sale of their products infringes on the Image Trademarks.

155.    The Image Skincare products Defendants sell are not, in fact, genuine and authentic Image Skincare products.

156.    As a result of Defendants' unlawful actions, the reputation of the Image Trademarks has been harmed, and Plaintiffs have suffered, and continue to suffer, immediate and irreparable injury.

157.    Further, Plaintiffs have suffered damages, including to their business, goodwill, reputation, and profits in an amount to be proven at trial.

158.    Defendants are also entitled to punitive damages because their misconduct was intentional and/or grossly negligent.

159.     Wherefore, Plaintiffs respectfully pray for relief and judgment against Defendants as follows:

a.   That the Court find for Plaintiffs against Defendants on the claim for common law trademark infringement in an amount to be determined at trial, including, but not limited to, compensatory damages, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

b.   That the Court enter an award of attorneys' fees, costs, and expenses;

c.   That the Court find Defendants jointly and severally liable for the monetary damages awarded on Count VIII;

d.   That Defendants and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all of those in active concert and participation with Defendants (the "Enjoined Parties") be permanently enjoined and restrained from:

i.   advertising or selling, via the Internet or otherwise, any and all Image Skincare products as well as any products bearing any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®,

ii.   using any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®,

ORMEDIC®, and O2 LIFT®, in any manner, including advertising on the Internet,

iii. importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Image Skincare products as well as any products bearing any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®, and

iv. disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Image Trademarks including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

e. That the Enjoined Parties be ordered to take all action to remove from any websites under their control any reference to any Image Skincare products or any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®;

f. That the Enjoined Parties be ordered to take all action to remove from the Internet any of the Image Trademarks which associate Image Skincare

42

products or the Image Trademarks with them or their websites, including, but not limited to, requesting removal of www.skincaresolutionsstore.com, www.skinsolutionstore.com, and all other websites or storefronts under their control from Internet search engines (such as Google, Yahoo!, and Bing);

g.   That the Enjoined Parties be ordered to take all action within their power or authority to remove the Image Trademarks from the Internet; and

h.   For an order granting any other and further relief as the Court deems just.

<u>**COUNT IX**</u>
**Violation of the Florida Unfair and Deceptive Trade Practices Act**
**(All Defendants)**

160.   Plaintiffs hereby incorporate the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

161.   The Image Trademarks are valid and subsisting trademarks in full force and effect.

162.   Defendants willfully and knowingly used, and continue to use, the Image Trademarks in commerce in connection with the sale and advertising of products without Plaintiffs' consent.

163.   Defendants' use of the Image Trademarks in connection with the unauthorized sale and advertising of products is likely to cause confusion, cause mistake, or deceive an appreciable number of ordinarily prudent purchasers as to the affiliation, connection, association, sponsorship or approval of Image Skincare products because it suggests that the products Defendants offer for sale originate from, or are sponsored, authorized, or otherwise connected with Plaintiffs.

43

164.    Defendants' unauthorized sale of products bearing the Image Trademarks, and unauthorized use of the Image Trademarks in advertising constitute unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Statute § 501.201 *et seq.*

165.    Defendants' unauthorized sale of products bearing the Image Trademarks, and unauthorized use of the Image Trademarks in advertising materially damages the value of the Image Trademarks and causes significant damages to Plaintiffs' business relations.

166.    As a result, Plaintiffs have suffered damages, including to their business, goodwill, reputation, and profits in an amount to be proven at trial.

167.    Pursuant to Florida Statute § 501.211(1), Plaintiffs are entitled to injunctive relief enjoining Defendants' conduct.

168.    Pursuant to Florida Statute § 501.211(3), Plaintiffs are entitled to an award of attorneys' fees.

169.    Wherefore, Plaintiffs respectfully pray for relief and judgment against Defendants as follows:

> a.  That the Court find for Plaintiffs against Defendants on the claim for violations of the Florida Unfair and Deceptive Trade Practices Act in an amount to be determined at trial, including, but not limited to, compensatory damages, statutory damages, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;
>
> b.  That the Court enter an award of attorneys' fees, costs, and expenses;

c.  That the Court find Defendants jointly and severally liable for the monetary damages awarded on Count IX;

d.  That Defendants and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all of those in active concert and participation with Defendants (the "Enjoined Parties") be permanently enjoined and restrained from:

i.  advertising or selling, via the Internet or otherwise, any and all Image Skincare products as well as any products bearing any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®,

ii.  using any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®, in any manner, including advertising on the Internet,

iii.  importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Image Skincare products as well as any products bearing any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®,

45

PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®, and

iv. disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Image Trademarks including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

e. That the Enjoined Parties be ordered to take all action to remove from any websites under their control any reference to any Image Skincare products or any of the Image Trademarks including, but not limited to, IMAGE SKINCARE®, I CONCEAL®, PREVENTION+®, I AGELESS®, IMAGE MD®, ILUMA®, CELL.U.LIFT®, ORMEDIC®, and O2 LIFT®;

f. That the Enjoined Parties be ordered to take all action to remove from the Internet any of the Image Trademarks which associate Image Skincare products or the Image Trademarks with them or their websites, including, but not limited to, requesting removal of www.skincaresolutionsstore.com, www.skinsolutionstore.com, and all other websites or storefronts under their control from Internet search engines (such as Google, Yahoo!, and Bing);

g. That the Enjoined Parties be ordered to take all action within their power or authority to remove the Image Trademarks from the Internet; and

h. For an order granting any other and further relief as the Court deems just.

46

<u>COUNT X</u>
**Tortious Interference With Contract**
**(All Defendants)**

170.    Plaintiffs hereby incorporate the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

171.    This claim arises under the laws of the State of Florida.

172.    Image has entered into agreements with authorized resellers to sell Image Skincare products.  These agreements specifically prohibit Image's authorized resellers from selling Image Skincare products to third parties, such as Defendants, for purposes of resale.

173.    Defendants knew that Image's agreements with its authorized resellers prohibited Image's authorized resellers from selling Image Skincare products to third parties, such as Defendants, for purposes of resale.

174.    Defendants willfully and knowingly interfered with the agreements between Image and its authorized resellers by acquiring Image Skincare products and reselling them on the Internet in violation of those agreements.

175.    Defendants acted with a wrongful purpose by acquiring Image Skincare products for the purpose of reselling those products on the Internet in violation of Image's agreements with its authorized resellers.

176.    Defendants' actions have caused injury to Image for which Plaintiffs are entitled to compensatory damages in an amount to be proven at trial.

177.    Defendants are also liable for punitive damages because their misconduct was intentional and/or grossly negligent.

178.    Wherefore, Plaintiffs respectfully pray for relief and judgment against Defendants as follows:

a.  That the Court find for Plaintiffs against Defendants on the claim for tortious interference with contract in an amount to be determined at trial, including, but not limited to, compensatory damages, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

b.  That the Court enter an award of attorneys' fees, costs, and expenses;

c.  That the Court find Defendants jointly and severally liable for the monetary damages awarded on Count X; and

d.  For an order granting any other and further relief as the Court deems just.

## COUNT XI
### Civil RICO – 18 U.S.C. § 1962(c) & 18 U.S.C. § 1962(d)
### (All Defendants)

179.    Plaintiffs hereby incorporate the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

180.    Defendants are "persons" within the meaning of 18 U.S.C. § 1961(3) who conducted the affairs of Defendants' unlawful enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

181.    Defendants' unlawful enterprise is an association-in-fact within the meaning of 18 U.S.C. § 1961(4), consisting of Ashwood, Skincare Solutions, Kumra, Skin Solution, HBA Sales, and John Does.  Defendants' unlawful enterprise is intended to be, and is functioning as, a tool to effectuate a pattern of racketeering activity.

182.    Defendants, as part of their unlawful enterprise, maintained a system in order to receive substantial revenue from their scheme.  Such revenue was greater than it would have been had they operated individually.

183.    Defendants' unlawful enterprise engaged in and affected interstate commerce because, *inter alia*, it marketed, sold, purchased, facilitated the purchase, or provided Image Skincare products to numerous individuals throughout the United States.

184.    Defendants have exerted control over Defendants' unlawful enterprise and management of the affairs of Defendants' unlawful enterprise.

185.    Defendants have conducted and participated in the affairs of Defendants' unlawful enterprise through a pattern of racketeering activity that includes acts indictable under 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), and 18 U.S.C. § 1952 (use of interstate facilities to conduct unlawful activity).

186.    Defendants used numerous mail and interstate wire communications to create and manage Defendants' unlawful enterprise.

187.    Defendants' use of mail and wire communications included, but was not limited to, ordering Image Skincare products by email and facsimile; shipment of Image Skincare products from John Does to HBA Sales, Kumra, Skin Solution, Ashwood, or Skincare Solutions; shipment of Image Skincare products from HBA Sales, Kumra and Skin Solution to Ashwood and Skincare Solutions; communications between John Does and HBA Sales, Kumra, Skin Solution, Ashwood, and Skincare Solutions to facilitate the transfer and sale of Image Skincare products; communications between HBA Sales, Kumra, and Skin Solution and Ashwood and Skincare Solutions to facilitate the transfer and sale of Image Skincare products; shipment of Image Skincare products from HBA Sales, Kumra, Skin Solution, Ashwood, and/or Skincare Soluntions to customers; communications with customers related to the sale of Image Skincare products; and additional communications in furtherance of Defendants' unlawful enterprise.

188.    Defendants' unlawful enterprise described above constitutes "racketeering activity" within the meaning of 18 U.S.C. § 1961(1).  As evidenced by the multiple transactions described above, Defendants' actions constitute a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5).

189.    Defendants have carried out their racketeering activities with knowledge that their actions are improper and unlawful.

190.    Defendants conspired to carry out the foregoing actions, and each Defendant agreed to join the conspiracy, agreed to commit the predicate acts, and knew that those acts were part of a pattern of racketeering activity.

191.    The foregoing actions violate 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d).

192.    As a result of Defendants' unlawful actions, Plaintiffs have suffered damages and immediate and irreparable injury.

193.    In addition, Plaintiffs are entitled to three times the damages they have sustained, plus the costs of this lawsuit, including reasonable attorneys' fees, pursuant to 18 U.S.C. § 1964(c).

194.    Wherefore, Plaintiffs respectfully pray for relief and judgment against Defendants as follows:

a.   That the Court find for Plaintiffs against Defendants on the claim for violations of 18 U.S.C. § 1962(c) and (d) in an amount to be determined at trial, including, but not limited to, compensatory damages, treble damages, and pre-judgment and post-judgment interest, as permitted by law;

b.   That the Court enter an award of attorneys' fees, costs, and expenses;

c.  That the Court find Defendants jointly and severally liable for the monetary damages awarded on Count XI;

d.  For an order granting any other and further relief as the Court deems just.

**COUNT XII**
**Conspiracy**
**(All Defendants)**

195.    Plaintiffs hereby incorporate the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

196.    Defendants sold, facilitated the sale, distributed, or provided Image Skincare products to third parties for sale on the Internet with the purpose of causing Image significant financial harm, infringing on the Image Trademarks, and frustrating Image's business relationships with its authorized resellers.

197.    Each Defendant knowingly and willfully agreed to sell, distribute or provide Image Skincare products for sale on the Internet with the purpose of causing Image significant financial harm, infringing on the Image Trademarks, and frustrating Image's business relationships with its authorized resellers and entered into an agreement to accomplish these goals.

198.    Each Defendant knowingly and willfully agreed to sell, distribute, or provide Image Skincare products for sale on the Internet with the purpose of causing Image significant financial harm, infringing on the Image Trademarks, and frustrating Image's business relationships with its authorized resellers pursuant to and in furtherance of their agreement.

199.    Defendants, through cooperation, encouragement, and ratification, adopted the acts of one another in furtherance of their agreement to sell, distribute, or provide Image Skincare products for sale on the Internet with the purpose of causing Image significant financial

harm, infringing on the Image Trademarks, and frustrating Image's business relationships with its authorized resellers.

200.    The acts and conduct of Defendants were calculated, premediated, intentional, malicious, and willful and were taken with reckless disregard of the probable adverse consequences to Plaintiffs.

201.    As a result of Defendants' actions, Plaintiffs have suffered damages and immediate and irreparable injury.

202.    Defendants' unlawful conduct was willful, knowing, intentional, and malicious, entitling Plaintiffs to recovery of punitive damages.

203.    Wherefore, Plaintiffs respectfully pray for relief and judgment against Defendants as follows:

    a.  That the Court find for Plaintiffs against Defendants on the claim for conspiracy in an amount to be determined at trial, including, but not limited to, compensatory damages, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

    b.  That the Court enter an award of attorneys' fees, costs, and expenses;

    c.  That the Court find Defendants jointly and severally liable for the monetary damages awarded on Count XII; and

    d.  For an order granting any other and further relief as the Court deems just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims and issues so triable.

                                       s/ Carlos J. Canino
                                        CARLOS J. CANINO

Dated:  January 17, 2017                     Respectfully submitted,

                                             s/ Carlos J. Canino
                                             Carlos J. Canino, Esq.
                                             Florida Bar No. 507172
                                             ccanino@stearnsweaver.com
                                             Mark P. Dikeman, Esq.
                                             Florida Bar No. 0623547
                                             mdikeman@stearnsweaver.com
                                             STEARNS WEAVER MILLER WEISSLER
                                             ALHADEFF & SITTERSON, P.A.
                                             Museum Tower
                                             150 West Flagler Street -  Suite 2200
                                             Miami, Florida 33130
                                             Telephone: (305) 789-3200
                                             Facsimile: (305) 789-3395

                                             and

                                             Daren S. Garcia, Esq.
                                             Florida Bar No. 592609
                                             dsgarcia@vorys.com
                                             VORYS, SATER, SEYMOUR AND PEASE LLP
                                             500 Grant Street, Suite 4900
                                             Pittsburgh, Pennsylvania 15219-2502
                                             Telephone:  (412) 904-7700
                                             Facsimile:  (412) 904-7817

                                             *Counsel for Plaintiffs*